UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Patricio Paladin**

     v.                        Civil No. 16-cv-30-PB
                                       Opinion No. 2016 DNH 092

**United States of America**

### MEMORANDUM AND ORDER

In 2010, Patricio Paladin was convicted of conspiracy to distribute cocaine, three counts of cocaine distribution, and one count of possession with intent to distribute cocaine. He was sentenced to a mandatory term of life in prison on the conspiracy count based upon the quantity of cocaine at issue, and the fact that this was Paladin's third felony drug conviction. He was sentenced to 300 months in prison on each of the four other counts, all to run concurrently. Paladin unsuccessfully appealed his conviction and sentence to the First Circuit Court of Appeals, and then sought a writ of certiorari, which the United States Supreme Court denied. Here, Paladin, proceeding pro se, has brought a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence.

### I.  BACKGROUND

In October 2010, Paladin was charged with a five-count

superseding indictment.  CR Doc. No. 37.[1]  Count One charged
Paladin with conspiracy to distribute and possess with intent to
distribute five or more kilograms of cocaine.  Counts Two and
Three charged cocaine distribution, but did not allege a
specific drug quantity.  Count Four alleged distribution of
cocaine in excess of 500 grams, and Count Five charged
possession with intent to distribute cocaine in excess of 500
grams.  Before trial, the government filed a notice, pursuant to
21 U.S.C. § 851(a), announcing that Paladin was subject to an
enhanced sentence, including a mandatory term of life in prison,
because of his two previous felony drug convictions.  CR Doc.
No. 30 (the § 851(a)(1) notice).

Paladin nonetheless proceeded to trial, where the jury
found him guilty on all five counts.  The jury further
concluded, in response to special verdict questions, that the
government had proved beyond a reasonable doubt that Counts Four
and Five each involved more than 500 grams of cocaine.  CR Doc.
No. 51.  I subsequently sentenced Paladin.  On Count One, I

---

[1] This Memorandum and Order cites documents filed in both
Paladin's underlying criminal case, and his current civil case.
For clarity and convenience, citations to "CR Doc. No. ___"
refer to docket entries in Paladin's criminal case, United
States v. Paladin, No. 09-cr-186-PB.  Citations to "CV Doc. No.
___" refer to docket entries in this case, Paladin v. United
States, No. 16-cv-30-PB.

imposed the mandatory sentence, pursuant to 21 U.S.C. §
841(b)(1)(A)(ii), of life in prison.  On Counts Two through
Five, I sentenced Paladin to 300 months in prison on each count,
to run concurrently.

Paladin appealed his conviction and sentence to the First
Circuit.  On appeal, he argued, among other things, that his
sentence on Count One was unconstitutional because "the
indictment did not reference his two prior felony convictions,
and because the jury was not required to find beyond a
reasonable doubt that he had been convicted of these crimes."
United States v. Paladin, 748 F.3d 438, 451 (1st Cir. 2014).
Paladin also claimed that the jury instructions as to Count One
were improper because, he asserted, I did "not submit[] to the
jury the question of whether Paladin was individually
responsible for the charged quantity of cocaine (five kilograms
or more)."  Id. at 452.  The First Circuit rejected these and
other arguments, and affirmed.  Id. at 454.  Paladin then sought
a writ of certiorari, which the Supreme Court denied in November
2014.  He filed his § 2255 motion in January 2016.[2]

---

[2] Paladin's § 2255 motion was docketed on January 25, 2016, more
than one year after his conviction became final, and therefore
beyond the applicable one-year statute of limitations.  However,
Paladin has also filed an affidavit stating that he actually
mailed his motion in October 2015, which would be within the

## II.  **ANALYSIS**

Paladin presses five arguments here.  He contends that his
life sentence on Count One is unlawful because: (1) the
indictment did not mention his two prior felony drug
convictions, and the jury did not find that he had been
convicted of those crimes, (2) the indictment did not identify
his previous convictions as, he claims, 21 U.S.C. § 851(a)(2)
required, and (3) according to Paladin, the jury did not find,
beyond a reasonable doubt, that he was responsible for the five
or more kilograms of cocaine alleged in the indictment.  With
respect to the other counts, Paladin complains that (4) the jury
did not find facts that increased his advisory guideline
sentencing range, and (5) according to Paladin, the 300 month
sentences imposed on Counts Two and Three exceed the statutory
maximum penalty for those charges.  Having carefully considered
Paladin's § 2255 motion and subsequent reply brief, I reject
each argument in turn.[3]

---

limitations period.  See CV Doc. No. 3 at 5-9.  The government
does not contest Paladin's affidavit, and has waived a possible
statute of limitations defense.  CV Doc. No. 6 at 2 n.1.

[3] On April 21, 2016, the court received Paladin's motion for more
time to respond to the government's objection.  CV Doc. No. 7.
I granted that motion, and allowed Paladin until May 23, 2016 to
submit his reply.  CV Doc. No. 8.  The court received Paladin's
thirty-seven page handwritten reply on May 27, 2016, alongside a

## A.    <u>Prior Convictions Not Found by Jury</u>

Paladin first contends that his sentence on Count One is unlawful because the indictment did not reference his two previous felony drug convictions, and the jury did not find that he had been convicted of those crimes.  Paladin presented, and the First Circuit rejected, this argument on direct review.  <u>See</u> Paladin, 748 F.3d at 451-52.  I do the same here.[4]

Facts that "expose a defendant to a punishment greater than that otherwise legally prescribed [are] by definition 'elements' of a separate legal offense." Apprendi v. New Jersey, 530 U.S. 466, 483 n.10 (2000).  Those facts generally must be "alleged in the indictment and found by the jury." <u>Id.</u>  In Almendarez-Torres v. United States, 523 U.S. 224, 227 (1998), however, the

letter indicating that Paladin has had some difficulties accessing the prison law library, and would like to supplement his brief.  <u>See</u> CV Doc. No. 9-2.  After carefully reviewing Paladin's well-researched reply memorandum, I decline to grant him additional time to file further briefs.  In both his lengthy § 2255 motion and his reply, Paladin has ably, and fully, presented his various arguments.  Nothing in Paladin's reply indicates that he has additional unraised arguments.

[4] Issues disposed of in a prior direct appeal "will not be reviewed again by way of a 28 U.S.C. § 2255 motion." Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)).  Given Paladin's pro se status, however, I briefly explain my conclusion.

Supreme Court "recognized a narrow exception to this general rule for the fact of a prior conviction." Alleyne v. United States, 133 S. Ct. 2151, 2160 n.1 (2013). Thus, "the fact of a prior conviction need not be proven to a jury beyond a reasonable doubt for sentencing purposes, even when it exposes a defendant to a higher sentence." United States v. Moon, 802 F.3d 135, 151-52 (1st Cir. 2015).

The Supreme Court expressly declined to revisit Almendarez-Torres in Alleyne v. United States, 133 S. Ct. at 2160 n.1, and, since Alleyne, the First Circuit has repeatedly held that Almendarez-Torres remains good law. See, e.g., Moon, 802 F.3d at 151-52; United States v. Rodriguez, 759 F.3d 113, 122 (1st Cir. 2014); Paladin, 748 F.3d at 451-52. Although Paladin may disagree with those decisions, see CV Doc. No. 9 at 14 (arguing that Almendarez-Torres "has been eroded by the Supreme Court's subsequent Sixth Amendment jurisprudence"), they are binding here. See United States v. Jimenez-Banegas, 790 F.3d 253, 258-59 (1st Cir. 2015) (applying Almendarez-Torres, and noting that "the Supreme Court has clearly stated that we should not conclude that its more recent cases have, by implication, overruled an earlier precedent"). And, based upon these now well-settled principles, Paladin's argument –- that his prior

6

convictions should have been alleged in the indictment and found by the jury -- fails.  See Paladin, 748 F.3d at 451-52.

**B.**   **Section 851(a)(2) Argument**

Paladin also appears to contend that his sentence on Count One was improper because, he claims, 21 U.S.C. § 851(a)(2) required the government to list his prior felony drug convictions in the indictment.  See CV Doc. No. 3 at 55-57.  As Paladin did not raise this argument either at trial or on direct review, he has procedurally defaulted on this claim.  See Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007).  I may therefore consider Paladin's argument only if he can show both cause for the default and actual prejudice.[5]  Id.  Paladin did not attempt to meet either requirement in his motion, nor can he.

21 U.S.C. § 851 sets out "a multi-step procedure [that must] be followed before an enhanced sentence [can be] imposed based on prior felony drug convictions."  United States v. Dickerson, 514 F.3d 60, 64 (1st Cir. 2008).  Section 851(a)(1)

---

[5] A court can also excuse a petitioner's procedural default where the petitioner makes a showing of actual innocence.  Owens, 483 F.3d at 56 n.6 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).  Paladin has not attempted to make such a showing here.

requires the government to file and serve an "information" before trial that lists the defendant's previous convictions. Id.  Section 851(a)(2) further provides that, "[a]n information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed."  In other words, except in cases where a defendant waives the right, § 851(a)(2) generally requires that "the federal drug crime at bar must be prosecuted by indictment." United States v. Harden, 37 F.3d 595, 601 (11th Cir. 1994).

Here, the government indisputably (1) prosecuted Paladin by indictment for the conspiracy alleged in Count One, and (2) filed an information pursuant to § 851(a)(1) before trial that included Paladin's two prior felony drug convictions.  See CR Doc. Nos. 30; 37.  Paladin nonetheless asserts that the government failed to comply with § 851(a) because the indictment itself did not list his prior convictions.  I disagree.

Section 851(a)(2)'s text does not support Paladin's claim that the indictment itself must include a defendant's prior convictions.  Nor does Paladin provide any authority that

supports his interpretation of the statute, and I am aware of none.  Indeed, the Eleventh Circuit has concluded "that § 851(a)(2) is not even arguably susceptible to" the construction Paladin proposes.  United States v. McLean, 138 F.3d 1398, 1407 (11th Cir. 1998) (rejecting the "suggestion . . . that we interpret the subsection to require the prior conviction itself to be alleged in an indictment").  I find the Eleventh Circuit's reasoning on this point persuasive, and reject Paladin's claim.

**C.   Jury Finding Regarding Drug Quantity**

Next, relying upon Alleyne, Paladin contends that his sentence on Count One was improper because, he argues, the jury did not find beyond a reasonable doubt that he was responsible for the five or more kilograms of cocaine alleged in the indictment.  Pursuant to Alleyne, "[a]ny fact that triggers a mandatory minimum sentence is an element of the offense that must be submitted to the jury and proved beyond a reasonable doubt." United States v. Melendez, 775 F.3d 50, 55 (1st Cir. 2014).  The fact that a defendant conspired to distribute five or more kilograms of cocaine triggers an increased mandatory minimum sentence.  See 21 U.S.C. § 841(b)(1)(A).  Therefore, the question of whether a defendant was responsible for five or more kilograms of cocaine is "an element of the aggravated crime that

9

[must] be determined by the jury beyond a reasonable doubt."
United States v. Delgado-Marrero, 744 F.3d 167, 186 (1st Cir.
2014); see also United States v. Pizarro, 772 F.3d 284, 293-94
(1st Cir. 2014).

Paladin argues that the instructions for Count One, coupled
with the verdict form, failed to convey that the jury had to
find drug weight beyond a reasonable doubt.  Because he did not
raise this argument either at trial or on direct review, Paladin
must show both cause and actual prejudice to receive § 2255
relief.  See Bucci v. United States, 662 F.3d 18, 27 (1st Cir.
2011).

Paladin cannot meet his burden here for at least two
reasons.  First, the jury instructions were adequate.  When
"read and evaluated as a whole," Melendez, 775 F.3d at 55, the
instructions clearly explained that the jury had to find, beyond
a reasonable doubt, that Paladin was responsible for the charged
drug weight.  And second, even assuming that the instructions
were improper, "Paladin [is] unable to demonstrate the requisite
prejudice" for his argument to prevail here.  See Paladin, 748
F.3d at 453.

1.   Jury Instructions

First, the jury instructions did not violate Alleyne.  As I

informed the jury, "[t]he burden is always on the government to prove guilt beyond a reasonable doubt," and "[t]his burden never shifts to a defendant."  CR Doc. No. 48 at 10.  In discussing Count One specifically, I began by stating that,

> Count One . . . charges that the defendant participated in a conspiracy to possess with intent to distribute and to distribute five or more kilograms of cocaine . . . . Before a defendant can be convicted of the offense of conspiracy, the government must prove several things beyond a reasonable doubt . . . .

Id. at 12.  The first "thing" that the government had to prove beyond a reasonable doubt, I instructed, was that "the conspiracy charged in the indictment must have existed to commit the offense or offenses charged in the indictment."  Id.  I went on to explain that the conspiracy charged in the indictment was "a conspiracy to possess with intent to distribute and to distribute five or more kilograms of cocaine."  Id. at 14.  I further stated that "[i]n order for the defendant to be found guilty of the charged conspiracy, the government must prove that the defendant conspired to distribute and possess with intent to distribute 5 or more kilograms of cocaine."  Id. at 17.

When viewed in their entirety, these instructions informed the jury that, in order to convict Paladin on Count One, it had to find beyond a reasonable doubt that he was responsible for five or more kilograms of cocaine.  In particular, the

instructions provided that (1) the government had to prove, beyond a reasonable doubt, that "the conspiracy charged in the indictment . . . existed to commit the offense or offenses charged in the indictment," id. at 12, and (2) the object of the conspiracy charged in the indictment was "to possess with intent to distribute and to distribute five or more kilograms of cocaine," id. at 14 (emphasis added).  By convicting Paladin on Count One, then, the jury necessarily found beyond a reasonable doubt that Paladin was responsible for the charged drug quantity.  The jury instructions correctly explained the relevant law.  See United States v. Paz-Alvarez, 799 F.3d 12, 22-24 (1st Cir. 2015) (rejecting appellant's Alleyne argument based upon a review of the jury instructions in their totality); Melendez, 775 F.3d at 55-56 (same); but see Delgado-Marrero, 744 F.3d at 184-90 (finding Alleyne error where instructions, viewed as a whole, did not explain that the jury needed to find drug quantity beyond a reasonable doubt).

Paladin nonetheless contends that the instructions were improper because the verdict form did not include a special verdict question regarding drug weight for Count One.  CV Doc. No. 3 at 69.  As Paladin points out, the verdict form included special verdict questions for Counts Four and Five, but not

12

Count One.  See CR Doc. No. 51 (Verdict Form).  Thus, if the
jury found Paladin guilty on Counts Four and Five, the jury was
further asked whether "the government proved beyond a reasonable
doubt that" Paladin had distributed, or possessed with intent to
distribute, more than 500 grams of cocaine.  Id.  Paladin argues
that it was "absurd" and "inexplicabl[e]" not to include a
similar question for Count One.  CV Doc. Nos. 3 at 69; 9 at 4.
I disagree.

These instructions reflected Paladin's trial strategy.
Paladin presented a "multiple conspiracies" defense to Count
One, essentially arguing that the government had failed to prove
the specific conspiracy alleged in the indictment.  See, e.g.,
CR Doc. No. 100 at 106-07 (Paladin's counsel's closing
argument).  The parties' addressed this defense at length when
discussing proposed jury instructions.  See CR Doc. Nos. 95 at
44-61; 99 at 64-65; 100 at 50-59.  Based upon those discussions,
the instructions provided that the government had to prove,
beyond a reasonable doubt, that "the conspiracy charged in the
indictment must have existed to commit the offense or offenses
charged in the indictment"; namely "to possess with intent to
distribute and to distribute five or more kilograms of cocaine."
CR Doc. No. 48 at 12, 14 (emphasis added).

In light of those instructions, it was unnecessary to include a special verdict question regarding drug weight for Count One.  At best, such a question would have been redundant, because the instructions already required the jury to find, beyond a reasonable doubt, that Paladin was responsible for five or more kilograms of cocaine, as "charged in the indictment." At worst, the question might have undermined Paladin's defense, by implying that the jury could convict Paladin for his role in a different conspiracy, involving a different amount of drugs, than what was charged.

Counts Four and Five, by contrast, alleged cocaine distribution and possession with intent to distribute cocaine, and did not require the government to "prove the amount of cocaine" involved to obtain a conviction.  Id. at 18-20.  The government instead needed to prove, beyond a reasonable doubt, only that Paladin "distributed [or possessed with intent to distribute] cocaine in any amount."  Id.  However, the government also sought an enhanced sentence on Counts Four and Five based upon the drug weight (more than 500 grams of cocaine) at issue.  Because that amount of cocaine would "trigger[] a mandatory minimum sentence," the question of whether Paladin was actually responsible for that drug quantity had to "be submitted

to the jury and proved beyond a reasonable doubt." Melendez,
775 F.3d at 55.  It was therefore appropriate to include special
verdict questions regarding drug weight for Counts Four and
Five, but not Count One.

   2.   Prejudice

   Even assuming that the instructions were somehow deficient,
Paladin cannot "demonstrate the requisite prejudice" for his
claim to succeed here.  See Paladin, 748 F.3d at 453.  Paladin
presented a similar Alleyne challenge to the jury instructions
on direct appeal.[6]  Because he had not preserved that argument,

---

[6] There, Paladin argued that the "jury instructions were
insufficient to glean an individualized finding as to the
quantity of cocaine attributable to him." Paladin, 748 F.3d at
452.  The First Circuit rejected this argument, explaining that
Paladin "misconstrue[d]" the instructions at trial, which
provided that "[i]n order for the defendant to be found guilty
of the charged conspiracy, the government must prove that the
defendant conspired to distribute and possess with intent to
distribute five or more kilograms of cocaine." Id. (emphasis in
original).  According to the First Circuit, "[t]hese
instructions required the jury to find that Paladin directly
conspired with respect to the applicable minimum quantity in
order to sustain a conviction." Id.
   Here, Paladin argues that he is making "a similar, but
altogether different" Alleyne claim than the one he presented to
the First Circuit.  See CV Doc. No. 3 at 69.  Even accepting
that these are distinct claims, however, it is difficult to see
how the very same instruction could survive Paladin's Alleyne
challenge on direct review, but not his (concededly) similar
argument here.  This seems particularly true because the First
Circuit began its analysis by noting that "Alleyne requires that
any fact that serves to increase the mandatory minimum sentence

15

however, the First Circuit reviewed for plain error.  Id. at 452.  Applying that standard, the court concluded that the instructions were adequate.  Id.

The court then went on to explain that any error in the instructions was harmless in light of the "overwhelming evidence" that Paladin was responsible for the five or more kilograms of cocaine charged in the indictment.  Id. at 453 (citing United States v. Harakaly, 734 F.3d 88, 95 (1st Cir. 2013)).  That "overwhelming evidence" included Paladin's co-conspirator's testimony that "in his estimate, he and Paladin dealt in more than 100 kilograms of cocaine between 2004 and 2008."  Id.  As the First Circuit explained, "the volume of cocaine [approximately 4.8 kilograms] attributable to Paladin in the mere five weeks between the first controlled purchase with [Paladin's co-conspirator] and the raid on Paladin's home confirm[ed] that he dealt in significant quantities, lending credibility to [the co-conspirator's] estimate."  Id.

The First Circuit's conclusion -- that Paladin could not show the "prejudice necessary to prevail on plain error review" -- is fatal to his claim here.  As noted above, Paladin did not

---

be submitted to the jury and found beyond a reasonable doubt."  Paladin, 748 F.3d at 452 (emphasis added).

16

present his current <u>Alleyne</u> argument either at trial or on direct appeal, and therefore must show actual prejudice to receive § 2255 relief.  <u>See</u> <u>Bucci</u>, 662 F.3d at 27.  The actual prejudice standard "is more demanding than that for plain error."  <u>Ramirez-Burgos v. United States</u>, 313 F.3d 23, 32 n.12 (1st Cir. 2002).  Accordingly, because Paladin was "unable to satisfy the plain error standard [on direct review], he fails, <u>a fortiori</u>, to satisfy the actual prejudice standard to excuse his default."  <u>Id.</u> (citing <u>United States v. Frady</u>, 456 U.S. 152, 166 (1982) (holding that the actual prejudice standard on collateral review presents a "significantly higher hurdle" than plain error review)).

**D.   <u>Facts that Enhanced Paladin's Guideline Range</u>**

Paladin also argues that his 300-month sentences on Counts Two through Five are unlawful because the jury did not find facts that increased his guideline sentencing range.  <u>See</u> CV Doc. No. 3 at 50-54.  As Paladin presents this argument for the first time in his § 2255 motion, he must show both cause for his default and actual prejudice.  <u>Owens</u>, 483 F.3d at 56.  Paladin cannot meet that burden here because his argument is inconsistent with First Circuit law.

As the First Circuit recently explained, "factual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in Alleyne." United States v. Ramirez-Negron, 751 F.3d 42, 48 (1st Cir. 2014). Sentencing judges thus remain free to find facts that affect a defendant's advisory guideline range, but do not change his mandatory minimum or statutory maximum sentence. Id. Consistent with that rule, the indictment here charged, and the jury found beyond a reasonable doubt, the drug quantities that triggered Paladin's mandatory minimum and increased statutory maximum sentences. I then found facts by a preponderance of the evidence that affected Paladin's guideline range. There was no error.

**E.   Sentence on Counts Two and Three**

Finally, Paladin contends that the 300 month sentences imposed on Counts Two and Three are unlawful. See CV Doc. No. 3 at 49. To support this argument, Paladin asserts that the government's § 851 notice was not sufficiently specific to notify him that he was facing a statutory maximum penalty of thirty years on Counts Two and Three. I disagree.

18

Counts Two and Three charged Paladin with cocaine
distribution, but did not allege a specific drug quantity.
Pursuant to 21 U.S.C. § 841(b)(1)(C), a defendant responsible
for an unspecified amount of cocaine is subject to a maximum
sentence of twenty years, or thirty years if he has a prior
felony drug conviction.  See United States v. Goodine, 326 F.3d
26, 27 (1st Cir. 2003).  Based upon Paladin's two prior felony
drug convictions, which the government listed in its § 851
notice, I determined that Paladin was subject to §
841(b)(1)(C)'s thirty year statutory maximum.  I then imposed a
300-month term of imprisonment on both counts –- sentences below
the thirty year maximum.

The government's § 851 notice informed Paladin that he
faced increased punishment because of the prior convictions
identified in the notice.  CR Doc. No. 30.  The notice also
included a reference to 21 U.S.C. § 841(b)(1)(A)(ii), the
sentencing provision that applied to Count One, but omitted a
corresponding reference to 21 U.S.C. § 841(b)(1)(C), the
sentencing provision that applied to Counts Two and Three.  Id.
Because the § 851 notice did not expressly reference the
sentencing provision that applied to Counts Two and Three,
Paladin argues, it did not sufficiently notify him that he was

subject to enhanced penalties on those counts.[7]

    As other courts have explained, a defendant may be entitled to relief where the relevant § 851 notice includes misleading or erroneous information.  See, e.g., United States v. Morales, 560 F.3d 112, 113-17 (2d Cir. 2009).  Section 851(a), however, "does not require that the government identify the statutory section authorizing an enhanced penalty."  Id. at 113.  Nor does § 851 "require the government to identify the counts to which the notice relates."  United States v. Castro-Portillo, 211 F. App'x

---

[7] The government agrees with Paladin that the sentences on Counts Two and Three are improper, but provides a different reason. According to the government, the maximum lawful sentences on those counts was twenty years, because the indictment "did not allege a [drug] quantity []or cite to an enhanced penalty provision of the drug statute" for those counts.  CV Doc. No. 6 at 6.  This argument is unpersuasive because it is inconsistent with the Supreme Court and First Circuit cases, cited above, holding that "sentencing enhancements may be grounded on prior criminal convictions neither separately charged nor proved to a jury."  United States v. Gutierrez, 52 F. Supp. 3d 316, 322 (D. Mass. 2014) (punctuation and alterations omitted).  Rather, the government may seek an enhanced sentence based upon a defendant's prior felony drug convictions by filing and serving an information that satisfies 21 U.S.C. § 851.  See United Dickerson, 514 F.3d at 64.  In sentencing Paladin, I determined that he was subject to § 841(b)(1)(C)'s thirty-year statutory maximum penalty on Counts Two and Three because of his previous convictions, which were listed in the government's § 851 notice, not due to drug quantity.  See id. at 63 (explaining that 21 U.S.C. § 841(b)(1)(C) sets the default statutory maximum penalty where "no specific quantity of cocaine is identified").  The appropriate inquiry, therefore, is whether the government's § 851 notice was adequate.

715, 726 (10th Cir. 2007).  Instead, "[i]t is only when a
prosecutor goes beyond listing the previous convictions . . .
that he risks undermining the adequacy of the notice . . . ."
United States v. Alexander, 530 F. App'x 565, 572 (6th Cir.
2013).  And, in this case, "the government went beyond
accurately describing" Paladin's prior felony convictions, and
included a reference to § 841(b)(1)(A)(ii) that was, as Paladin
appears to point out, "potentially misleading."  Morales, 560
F.3d at 113.

Paladin nonetheless is not entitled to relief for two
reasons.  First, in addition to the language quoted above, the
notice provided that, "in the event . . . Paladin is convicted
of the offenses charged in the instant Indictment, he is subject
to enhanced penalties at the time of sentencing, including a
mandatory term of life in prison."  CR Doc. No. 30 (emphasis
added).  The use of the plural "offenses" and "penalties"
sufficiently put Paladin on notice that the government would
seek enhanced sentences on Counts Two and Three; not just Count
One.

Second, and more fundamentally, it is unclear how Paladin
was prejudiced.  See Castro-Portillo, 211 F. App'x at 727.
"Whether additional (or erroneous) information in a pretrial

notice renders the notice ineffectual, and an enhanced sentence thus unavailable, is a fact-intensive inquiry that depends upon whether the defendant can demonstrate prejudice." Alexander, 530 F. App'x at 572.  In this case, Paladin received ample notice that the enhancement would increase his sentence on Count One to a mandatory term of life in prison, but proceeded to trial anyway.  Given that decision, Paladin has not explained why he would have pled guilty or presented a different defense at trial had he known that the enhancement would also apply to Counts Two and Three.  In fact, it is unlikely that Paladin would have behaved differently, because the enhancement produced a less significant change for Counts Two and Three (adding ten years to the maximum sentence) than for Count One (requiring a mandatory term of life in prison).

Further, because the sentences that Paladin received on Counts Two and Three were imposed concurrently with the sentences he received on other counts, Paladin will not be required to serve a longer prison term as a result of his sentences on Counts Two and Three.  Because Paladin has failed to make a sufficient showing of prejudice, he is not entitled to relief on this claim.  See United States v. Batchu, 724 F.3d 1, 14 (1st Cir. 2013).

22

## IV.  <u>CONCLUSION</u>

For the reasons provided above, petitioner's amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (CV Doc. No. 3) is denied.  Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.

SO ORDERED.


<u>/s/ Paul Barbadoro</u>
Paul Barbadoro
United States District Judge


June 3, 2016

cc:   Patricio Paladin, pro se
      Seth R. Aframe, AUSA